IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE E. STONE, II,<br><br>        Plaintiff,<br><br>   v.<br><br>GINA McCARTHY, Administrator,<br>U.S. Environmental Protection<br>Agency,<br><br>        Defendant. | Case No. 12 C 15944<br><br>Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

**I. BACKGROUND**

The Plaintiff, George E. Stone, II (hereinafter, the "Plaintiff" or "Stone"), an Environmental Protection Agency (the "EPA") Grant Specialist, claims he was discriminated against because of his race (African-American) and his sex (male) when he was not promoted to a vacant Section-Chief position. He also contends that he was retaliated against because of his claim by giving him an undeserved performance rating. The Administrator has moved for summary judgment.

The Administrator has filed a Rule 56.1(a)(3) Statement of Uncontested Facts. The Plaintiff has filed what he terms a "Response." Most of the Statements are admitted, but his response to three statements (Nos. 4, 5, and 8) was "Admitted in part and denied in Part," and to two others (Nos. 31 and 35) his response

was "Admitted in part." Finally, the Plaintiff, in response to others (Nos. 12, 13, 14, 16, 17, 18, 19, 27, 28, 29, and 30) "Admits that [specific witness] so testified." The Court has scoured Plaintiff's responses to these statements and cannot find anywhere where it indicates what part he denied or what part he was not admitting. The law in the Seventh Circuit is clear: a litigant does not have the option of responding to the Rule 56.1 Statement in any other manner than to admit or deny and, if a denial, a specific reference to the record supporting the denial must be cited. The Rule does permit a responding party to file his own "statement of additional facts" that require denial of the motion but it must be in the form of "concise summary" rather than an extended narrative. Failure to follow the rule amounts to an admission of the well pleaded facts. *Ammons v. Aramark Uniform Services, Inc.,* 368 F.3d 809 (7th Cir. 2000). The Court, therefore, deems the Administrator's Statement of Uncontested Facts as admitted.

Based on the admitted facts, the Plaintiff was, for a number of years, a Grants Specialist for the EPA. In 2007 he was transferred to the State and Tribal Services Section, Program Services Branch, Land and Chemicals Division of EPA Region 5 in Chicago. The transfer took place at the invitation of Bruce Sypniewski, former Deputy Director of the division. In 2008 Allen Melcer ("Melcer") became the Branch Chief of the Program Services

which included the State and Tribal Services Section. At that time there was a vacancy in the position of Section Chief of the State and Tribal Services Section. Melcer asked for a volunteer to serve as Acting Chief on a temporary basis and Stone was selected for an approximate six-week period. During this period, Melcer, Stone's direct supervisor, observed that Stone at times acted in a "condescending" or "demeaning" way toward subordinates, and received a number of complaints about his communication style. In a performance review given to Stone in May 2008, he was informed of these deficience and was advised that he needed to improve.

Later that year a vacancy announcement was made for a permanent appointment as Section Chief. An interview panel consisting of Melcer, Linda Holst, Chief of the Water Quality Branch of EPA Region 5, and Bruce Sypniewski, the then Deputy Director of the Land and Chemicals Division, was formed by Melcer to advise him. The panel reviewed the applications of and interviewed 12 individuals, including Stone. The panelists each concluded that, based on the interview, they believed that Stone's leadership style would be brusque and commanding and would approach arrogance. At the conclusion of the interviews, all of the panelists agreed that Julie Magee ("Magee"), another EPA employee, and a white female, was the best qualified. None of the panelists thought that Stone was the best qualified. As a result, Melcer selected Magee for the Section Chief position in August 2008.

Stone made an EEO complaint in September 2008. Performance evaluations are issued in the fall. There are five possible ratings: "outstanding," "exceeds expectations," "fully successful," "minimally satisfactory," and "unacceptable." In both 2009 and 2010, Magee rated Stone's performance as "fully successful." Stone vehemently disagreed with this evaluation and contends in this suit that the failure to rate him either "outstanding" or "exceeds expectations" was in retaliation for his EEO complaint. Magee denied that her evaluation was in retaliation but was based on legitimate observation of his work.

## II.  DISCUSSION

The Administrator set forth in her opening memorandum legitimate reasons why Melcer selected Magee rather than Stone for Section Chief. To avoid summary judgment Stone needed to have presented evidence from which a reasonable jury could conclude that the reason given was a pretext to mask race and sex discrimination. Essentially Stone's response was that he had more experience in grant work than Magee did. However, what Stone overlooks is that the position was a supervisory one which required management and people management skills. Also overlooked is that Melcer looked to an interview panel for advice as to whom to promote. Obviously any promotion, not based solely on an exam score, has a certain subjective element to it. Here the subjective element was greatly reduced by virtue of the interview panel. Since each of the

interviewers believed Magee was the best qualified, Stone would need to argue that each was biased. In addition, Melcer had observed Stone while he was acting Section Chief. Thus, Stone has not refuted the reason put forth by the Administrator for not promoting him. There is certainly no basis for the charge of discrimination. Finally, as the Seventh Circuit has emphasized courts "do not sit as a super-personal department that will second guess an employer's business decision." *Petts v. Rockledge Furniture LLC,* 534 F.3d 715, 724 (7th Cir. 2008).

In regard to the retaliation, Stone in his brief makes no response to the Administrator's explanation for his rating. Hence the claim is considered abandoned.

Accordingly, the Motion of the Administrator for summary judgement is granted.

### III. CONCLUSION

For the reasons stated herein, the Defendant's Motion for Summary Judgment is granted.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

Date: 6/6/2014